REUBEN RUFF, Probate Judge, use of MOSES COCKRELL, v. JAMES COCKRELL et al.

1. ADMINISTRATOR: COSTS: SALE OF JUDGMENT FOR.—A judgment rendered in favor of an administrator, against a debtor of the intestate, is not subject to sale for the payment of the costs of the suit; the administrator being personally liable therefor.

2. ADMINISTRATOR'S PRIVATE DEBT DUE INTESTATE: APPLICATION OF ASSETS.—An administrator has no authority to apply the assets of the estate to the payment of a judgment due by himself individually to the intestate; and his failure to do so is no breach of the condition of his bond.

IN error to the Circuit Court of Noxuba county. Hon. John E. M'Nair, judge.

The facts necessary to understand the opinion of the court are sufficiently set out in the opinion.

*George L. Potter*, for plaintiff in error:

On the point, as to the right of an assignee of a judgment to sue for his own use, on the administrator's bond for a devastavit, cited, 3 Cushm. 36; Hutch Code, 432, § 10; 13 S. & M. 394, 395.

*James T. Harrison*, contra,

Cited on same point, 3 Leigh, 89, 92; 25 Miss. R. 35; 2 Litt. 357; 3 A. K. Marsh. 1176; Hutch. Code, 441, 556.

FISHER, J., delivered the opinion of the court.

This was an action brought in the Circuit Court of Noxuba county, in the name of the probate judge of said county, for the

use of Moses Cockrell, upon a bond executed by the defendants, James Cockrell, Caleb Joiner and others, conditioned for the performance of their duties as administrator of the estate of William Cockrell, deceased.

The defendants below demurred to the complaint, and the court sustained the demurrer, from which judgment this writ of error has been prosecuted.

It is attempted to be shown that the relator is a judgment creditor of the estate, and the object of the suit is to make the administrators personally liable for the said judgment, on the ground that they have wasted the assets of the estate. The main cause of demurrer is, that the complaint does not show that the relator is a judgment creditor of the estate, or ever was in any manner entitled to payment out of the assets in the hands of the administrators. So far from the complaint setting forth a judgment, which could under any circumstances have been enforced against the estate, it sets forth a judgment in favor of the estate, founded upon a contract between Joiner, one of the administrators, and the intestate. This was a debt which Joiner owed the estate, and it certainly cannot be pretended that he should have applied the assets of the estate to the payment of his individual debt, and one which he owed the estate. To illustrate the proposition: suppose the administrators had in every particular discharged their duties, and collected every dollar of debts due to the estate, could they without a palpable violation of their plain duties have applied one dollar of the money to the payment of the judgment now claimed by the relator? Most certainly not, for the obvious reason, that instead of its being a debt which the estate owed, it was a debt due to the estate. The duty of the administrators was to collect this judgment, and not to pay it, and for a failure to perform this latter duty, they may be held accountable by the parties interested in the estate. The relator so far from being a creditor of the estate, as shown by any averment in the complaint, merely holds, or rather is of opinion that he holds, a judgment against Joiner, in his individual capacity. It is clear that the relator has no title, equitable or otherwise, to the judgment, which appears to have been recovered by one William H. Smith, while acting as

administrator of the estate of the said intestate, against Joiner. This judgment it appears was sold for the payment of the costs due to the officers of the court, and was purchased by one Joy, who sold and transferred the same to the relator. Smith was individually liable for the costs of the suit, and the judgment in his favor as administrator not being liable to sale for the payment of the costs, it follows that Joy acquired no title thereto, and having no title himself he could transfer none to the relator.

Judgment affirmed.